UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAMEL NORRIS,<br><br>                              Plaintiff,<br><br>     v.<br><br>CADDIS CO., a New York Corporation d/b/a CADDIS NYC, and GHS, LLC, a New York limited liability company,<br><br>                              Defendants. | No. 1:24-cv-09679<br><br>**THIRD-PARTY DEFENDANT'S NOTICE OF MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT** |
| CADDIS CO.,<br><br>                              Third-Party Plaintiff,<br><br>     v.<br><br>BANDIT RUNNING, INC.,<br><br>                              Third-Party Defendant. | |

**PLEASE TAKE NOTICE**, that upon the Memorandum of Law in Support of Third-Party Defendant's Motion to Dismiss the Amended Third-Party Complaint, dated September 24, 2025; the Declaration of Neil L. Postrygacz, dated September 24, 2025 and all exhibits attached thereto, and upon all the papers and proceedings had herein, Third-Party Defendant, BANDIT RUNNING, INC. ("Bandit"), will move this Court before the Honorable Kathleen Polk Failla, at the United States District Court for the Southern District of New York, located at 40 Foley Square, New York, New York 10007, on a date and at a time to be designated by the Court, seeking an Order:

1.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing, with prejudice, the Amended Third-Party Complaint on the grounds that (1) none of Plaintiff, Namel Norris' ("Norris"), claims against Defendant / Third-Party Plaintiff, Caddis Co.

("Caddis"), involve any property owned, maintained, or controlled by Bandit; (2) even if Norris' claims against Caddis involve the Bandit Premises, Bandit cannot be liable to Caddis pursuant to the indemnification clause in the Caddis Sublease; and (3) Bandit did not breach the Bandit Lease and, therefore, could not have been in breach of the Caddis Sublease such that it is liable to Caddis.

2.  Pursuant to Article 9(a)(iii) of the Caddis Sublease, awarding Third-Party Defendant, Bandit Running, Inc., its reasonable attorneys' fees and expenses incurred in defense of the Third-Party Complaint; and

3.  Granting any further and additional relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Civil Rule 6.1, Third-Party Plaintiff's opposition papers must be filed within fourteen (14) days after service of the moving papers, and Third-Party Defendant's reply must be filed within seven (7) days after service of the answering papers.

Dated:  September 24, 2025
        New York, New York

Respectfully Submitted,

MORRISON TENENBAUM, PLLC

/nlp/
_____
Neil Postrygacz, Esq.
87 Walker Street, 2nd Floor
New York, New York 10013
Tel: (212) 620-0938
Fax: (646) 998-1972
neilp@m-t-law.com

*Counsel for Third-Party Defendant,*
*Bandit Running, Inc.*

Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases requires pre-motion submissions for motions to dismiss. Third-Party Defendant Bandit Running, Inc. has not filed a pre-motion letter. Accordingly the Clerk of Court is directed to terminate the pending motion at docket entry 39. Third-Party Defendant is directed to file a pre-motion submission in accordance with Individual Rule 4(A).

Dated:    September 25, 2025          SO ORDERED.
          New York, New York


HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE